PROB 12 (Rev. 11/1/2004)

**FILED BY CLERK OF COURT**

RECEIVED
07 MAR 20 PM 12: 13
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

# United States District Court

**for the**

**DISTRICT OF MINNESOTA**

**United States v. Patrick Wayne Jarmuzek**

**Docket No. 0:02CR00345-001(DWF)**

**Petition on Supervised Release**

RECEIVED
MAR 19 2007
U.S. PROBATION OFFICE
MINNEAPOLIS, MINNESOTA

COMES NOW **Karen L. Godin**, U.S. PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of **Patrick Wayne Jarmuzek** who was sentenced for Distribution of Methamphetamine in Excess of 50 Grams on June 12, 2003, by the Honorable Donovan W. Frank, who fixed the period of supervision at 4 years supervised release, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

No alcohol; not enter establishment where alcohol is sold
Participate in drug/alcohol treatment program
Mandatory drug testing
Provide DNA
Psychological/psychiatric counseling/treatment
Take prescribed medication
20 hours community service (modified 09/28/2006)
60 days electronic monitoring using remote alcohol monitoring (modified 01/12/2007)

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

STANDARD CONDITION #7: The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

The defendant tested positive for the use of methamphetamine on February 23, 2007.

SPECIAL CONDITION: The defendant shall participate in a program for drug and alcohol abuse as approved by the probation officer. That program may include testing and inpatient or outpatient treatment, counseling, or a support group.

The defendant missed urinalysis tests on December 21 and 29, 2006; January 3, 2007; and February 15 and 20, 2007. The defendant also failed to follow the procedures of sweatpatch testing and failed to have the sweatpatch removed as directed by his probation officer.

SPECIAL CONDITION: The defendant shall participate in a remote alcohol monitoring program for a period of 60 days. The defendant will be responsible for the costs. The defendant shall remain at home from the hours of 9:00 p.m. until 6:00 a.m. the following day for the purposes of alcohol testing.

SCANNED
MAR 21 2007
U.S. DISTRICT COURT MPLS

The defendant initiated remote alcohol testing on February 16, 2007. On February 17, 2007, he failed to respond for a required test. The defendant disconnected the monitoring unit on February 27, 2007, despite being told not to do so until he entered treatment which was not until the following date.

PRAYING THAT THE COURT WILL ORDER That a summons be issued and the defendant be brought before the Court to show cause why supervision should not be revoked.

**[The rationale for a summons is contained in Section 5 of the violation report.]**

ORDER OF THE COURT

Considered and ordered this 16 day of March, 2007, and ordered filed and made a part of the records in the above case.

Honorable Donovan W. Frank
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Karen L. Godin
Senior U.S. Probation Officer

Executed on March 15, 2007
Place Minneapolis

Approved:

Curtis L. Stevens
Supervising U.S. Probation Officer